**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **JOSEPH CHAPMAN** | ) | CASE NO:  2:15-cv-83 |
| | ) | |
| Plaintiff, | ) | **Judge George C Smith** |
| | ) | |
| v. | ) | **Magistrate Judge Norah McCann King** |
| | ) | |
| **JFD FINANCIAL LLC,** *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff's Motion for Default Judgment having been duly considered and with good grounds having been shown and demonstrated in relation thereto, the Court having been fully advised in the matter finds as follows:

1. On April 17, 2015, the Clerk made an Entry of Default against the Defendants herein, namely **JFD FINANCIAL LLC, MICHAEL DEGEN,** and **JANIS DEGEN**.

2. The Defendants have each failed to file a proper motion, answer, or other defense of this matter in the time required under the Federal Rules of Civil Procedure and are, therefore, in default as provided in FRCP 55.

3. The Court deems the failure of each Defendant to answer and defend this matter to be a confession of truth with respect to the allegations in the Complaint.

4. Plaintiff is entitled to recover the relief prayed for in the Complaint, including injunctive relief and damages, with interest, costs, and attorney fees.

5. As set forth in the Complaint, Plaintiff seeks actual and statutory damages, injunctive relief, attorney fees, and costs for violations of the FDCPA, the CSPA, and state racketeering claims.

6. The Court finds that Defendants are liable to the Plaintiff in the amount of $1,000 in statutory damages, pursuant to the FDCPA, 15 U.S.C. §1692k(a)(2).

7. The Court finds that Defendants are liable to the Plaintiff in the amount of $200 in statutory damages pursuant to the CSPA, O.R.C. §1345.09(B).

8. Pursuant to 15 U.S.C. §1692k(a)(1), O.R.C. §1345.09(B), and O.R.C. §2923.34(A), Defendants are liable for noneconomic damages of $5,000 to the Plaintiff.

9. The Court further finds by clear and convincing evidence that in calling Mr. Chapman and his relatives with threats to extort monies, Defendants' conduct was willful and malicious, and conducted with utter disregard for the rights of consumers in Ohio in general, and Mr. Chapman in particular, resulting in the damages awarded herein. Accordingly, this Court awards treble and punitive damages from the Defendants to Mr. Chapman in the amount of $15,000.

10. Plaintiff is entitled to recover interest, costs, and attorney fees pursuant to 15 U.S.C. §1692k(a)(3), O.R.C. §1345.09(F), and O.R.C. §2923.34(F)&(G). As such, Plaintiff is awarded $5,500 in Attorney fees and $400 in costs, for a total amount of $5,900.00, which amount is found to be fair and reasonable.

11. Finally, the CSPA, O.R.C. §1345.09(D), provides that a consumer may seek injunctive relief. Ohio's state racketeering law, O.R.C. §2923.34(B)(2), further provides that a court "may grant relief by entering any appropriate orders to ensure that the violation will not continue or be repeated," including, reasonable restriction upon the future activities of the Defendants. To grant such relief, no showing of special or irreparable injury is necessary. O.R.C. §2923.34(D). Accordingly, this Court hereby issues the following injunctive order:

a. Defendants **JFD FINANCIAL LLC, MICHAEL DEGEN,** and **JANIS DEGEN,** together with any business owned, operated, or controlled by them, or employing them in any capacity, is hereby enjoined and barred from engaging in any telemarketing or debt collection business in the State of Ohio or calling consumers in the State of Ohio for any telemarketing or debt collection purpose, until such time as-

   i. The Defendants satisfy the monetary judgment rendered herein by payment to Mr. Chapman; and

   ii. The Defendants satisfy this Court that they will cease engaging in the following activities or employing anyone or any entity which engages in any of the following activities:

   1. Calling any consumer to collect any debt without clearly identifying their true identity and clearly identifying themselves as a debt collector.

   2. Calling any consumer demanding the payment of any sum unsupported by a good faith belief in the accuracy of the amount sought based on law or contract.

   3. Failing to cease calls to any consumer after either an oral or written demand that the calls cease.

   4. Calling any consumer with any type of threat.

   5. Calling any consumer and indicating that any type of legal action may be taken against the consumer, unless they may lawfully intend to and they imminently intend to take such action.

6. Calling any third party on a consumer debt for any purpose other than a single time and only to merely requesting contact information for a consumer.

7. Violating the FDCPA or the CSPA in any other way.

b. The restriction of this order regarding telemarketing and debt collection activities in the State of Ohio shall specifically apply to each of the Defendants, and without limitation to the following companies owned and/or controlled by them: Rite Choice Financial LLC, Global Mediations, My Holdings LLC, McCullen Davidson & Association, and McCauley Davidson.

**WHEREFORE, THIS COURT ORDERS, ADJUDGES, AND DECREES** that the Plaintiff recovers from Defendants, **JFD FINANCIAL LLC, MICHAEL DEGEN,** and **JANIS DEGEN**, jointly and severally, the sum of $27,100, plus statutory interest from the date of this judgment and **ENJOINS** the Defendant as set forth herein.

**IT IS SO ORDERED.**

DATE: **May 20, 2015**          /s/ *George C. Smith*
                                **GEORGE C. SMITH, JUDGE**
                                **UNITED STATES DISTRICT COURT**